**Larry CURRINGTON, by Dorothy Sanford, his mother and next friend, Appellant,**

v.

**BLACK HAWK COUNTY, Iowa, Appellee.**

**No. 54297.**

Supreme Court of Iowa.

March 11, 1971.

Fulton, Frerichs, Nutting & Kennedy, Waterloo, for appellant.

Swisher & Cohrt, Waterloo, for appellee.

LeGRAND, Justice.

Plaintiff, six years of age, sued for personal injuries sustained while he was playing on property to which Black Hawk County held a tax sale certificate but for which a treasurer's tax deed had not yet issued. Defendant county filed a motion to dismiss the petition, relying upon the doctrine a tax sale purchase acquires no title in or right to the property until a deed is executed, delivered, and recorded pursuant to section 448.1 and 448.3, The Code. Defendant's motion was sustained and plaintiff appeals.

Plaintiff's cause of action is based upon the doctrine of attractive nuisance. The sole issue before us involves the duty of the county as the holder of a tax sale certificate to maintain the property in a reasonably safe condition.

The property is located in Waterloo, Iowa, and for some time had been owned by Walter Hackman. On December 6, 1965, Black Hawk County purchased it for unpaid taxes under the provisions of sections 446.18 and 446.19, The Code. Thereafter the county served a 90 day notice of expiration of redemption upon Walter Hackman as provided in section 447.9, and filed an affidavit with the treasurer of Black Hawk County as required in section 447.12. By the terms of section 448.1 of the Code the county became eligible to obtain a deed to the property ninety days after the completed service of notice. However, no deed was issued until more than three months after that time. Between the date a deed *could*

have been obtained and the date it *was* obtained, this accident occurred. We are asked to hold the county is responsible for the condition of the property after the date it was entitled to a deed.

Our law is well settled that the purchaser at a tax sale, including the county when the sale is under the scavenger statute, obtains no title or right of possession to the property before the deed issues. · ·We have ·held this since the early decision of Williams v. Heath, 22 Iowa 519, and as recently as Moffitt v. Future Assurance Associates, Inc., 1966, 258 Iowa 1160, 1169, 140 N.W.2d 108, 113. In the Moffitt case we repeated our earlier pronouncements that, prior to obtaining a deed, the tax purchaser's right is merely inchoate; that the certificate is a chattel only; and that until a deed is obtained the purchaser acquires no interest in the property. Other decisions to the same general effect include Witmer v. Gibbs, 234 Iowa 725, 730, 13 N.W.2d 802, 804; Bennett v. Greenwalt, 226 Iowa 1113, 1124, 286 N.W. 722, 727; Teget v. Lambach, 226 Iowa 1346, 1353, 286 N.W. 522, 526. See also 51 Am.Jur., Taxation, section 1070, page 930, and 85 C.J.S. Taxation § 902, page 315, for statements of the general rule that the holder of a tax sale certificate has no right to possession.

Our prior decisions on the effect of a tax deed clearly require us to affirm the trial court. Since defendant had only an inchoate interest in the property, neither holding title nor having the right to possession at the time plaintiff was injured, we should not require it to maintain the property in a safe condition or hold it responsible for injuries occurring thereon.

We hold the trial court properly sustained defendant's motion to dismiss and the ruling is affirmed.

Affirmed.

All Justices concur, except BECKER, J., who dissents.