**Theresa A. HARDEN Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 88–689.

Supreme Court of Iowa.

Jan. 25, 1989.

Rehearing Denied Feb. 20, 1989.

Steven K. Ristvedt of Ristvedt & Peters, Independence, and Jon Fister of Beecher, Beecher, Holmes & Rathert, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., and Eleanor E. Lynn, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, CARTER and ANDREASEN, JJ.

ANDREASEN, Justice.

The issue in this case is whether the two-year statute of limitation provided in Iowa Code section 25A.13 (1987) is tolled for minors and mentally ill persons under the provisions of Iowa Code section 614.8 (1987). The district court held the statute of limitation was not tolled and dismissed the action. We affirm.

Theresa Harden was admitted under juvenile court order to the Mental Health Institute at Independence, Iowa, on September 28, 1982. At that time she was fifteen years old. On September 29, 1982, Theresa was injured while at the Mental Health Institute. Her claim for damages arises from injuries she received.

On June 6, 1985, Theresa filed a claim for damages with the State Appeal Board. This was less than six months after her eighteenth birthday, which fell on December 11, 1984. As permitted by statute, her claim was withdrawn and she filed her petition in district court against the State of Iowa.

The State filed a motion to dismiss asserting that the action was barred by the statute of limitation found in Iowa Code section 25A.13. Theresa resisted this motion and filed a motion for partial summary judgment. On March 28, 1988, the district court dismissed the action. The court held that Iowa Code section 25A.13 provided the applicable statute of limitation and that this limitation could not be tolled by section 614.8; therefore, Theresa did not bring this action in a timely manner.

On appeal, Theresa argues that the two-year limitation in section 25A.13 should have been tolled during her minority as provided by Iowa Code section 614.8 (1987). She urges the tolling provision of Iowa Code section 614.8 apply as a matter of statutory interpretation. Theresa also argues that the district court's failure to allow the tolling of her claim is unconstitutional as it denies her equal protection and due process of the law.

I. We review the district court's order dismissing this action for errors at law. Iowa R.App.P. 4. The bar of the statute of limitations is properly raised by a motion to dismiss when the necessary facts appear on the face of the pleadings, otherwise by affirmative defense and motion for summary judgment. See Neylan v. Moser, 400 N.W.2d 538, 541 (Iowa 1987). We uphold a dismissal only when it appears to a certainty that the pleader has failed to state a claim upon which any relief may be granted under any set of facts provable under the allegations. Stessman v. American Black Hawk Broadcasting Co., 416 N.W.2d 685, 686 (Iowa 1987).

II. The Iowa Tort Claims Act (tort claims act) acts as a limited waiver of sovereign immunity. Iowa Code section 25A.4 (1987) provides:

The state shall be liable in respect to such claims to the same claimants, in the same manner, and to the same extent as a private individual under like circumstances, except that the state shall not be liable for interest prior to judgment or for punitive damages. Costs shall be allowed in all courts to the successful claimant to the same extent as if the state were a private litigant.

The immunity of the state from suit and liability is waived to the extent provided in this chapter.

Iowa Code section 25A.13 provides the statute of limitations for actions brought under the tort claims act:

> Every claim and suit permitted under this chapter shall be forever barred, unless within two years after such claim is accrued, the claim is made in writing to the state appeal board under this chapter.

Iowa Code section 614.8 provides that certain statutes of limitations shall be tolled for minors and mentally ill persons:

> The times limited for actions herein, except those brought for penalties and forfeitures, shall be extended in favor of minors and mentally ill persons, so that they shall have one year from and after the termination of such disability within which to commence said action.

Neither statute expressly addresses whether the limitations in section 25A.13 are tolled by section 614.8. With these statutes as a background, we first consider Theresa's claim that statute of limitations is tolled by section 614.8 as a matter of statutory interpretation.

■■■ In interpreting these statutes, our ultimate goal is to ascertain and give effect to the intention of the legislature. *See Kohrt v. Yetter,* 344 N.W.2d 245, 246 (Iowa 1984). We seek a reasonable interpretation that will best effect the purpose of the statute and avoid an absurd result. We consider all portions of the statute together, without attributing undue importance to any single or isolated portion. *See id.* When more than one statute is pertinent to the inquiry, we consider the statutes together in an attempt to harmonize them. When two interpretations of a limitation statute are possible, the one giving the longer period to a litigant seeking relief is to be preferred and applied. *John Deere Dubuque Works v. Meyers,* 410 N.W.2d 255, 257 (Iowa 1987).

The State contends that sections 25A.13 and 614.8 are both statutes of limitations which are in conflict with each other. We disagree.

Iowa Code section 614.8 is not a statute of limitations. In *Conner v. Fettkether,* 294 N.W.2d 61, 62 (Iowa 1980), we stated:

> It would be inaccurate to label section 614.8 a statute of limitations.... Section 614.8 is an extension, given as a matter of grace by the legislature, over and above the two-year period of limitations.

The issue before this court is whether the two-year statute of limitations found in section 25A.13 is subject to the extension of section 614.8.

■■ We hold that the tolling provisions of section 614.8 do not apply to statutes of limitation outside of chapter 614. Section 614.8 states that it applies to the "times limited for actions herein," and is, therefore, limited by its own language to chapter 614. We specifically made this interpretation of section 614.8 in *Shearer v. Perry Community School Dist.,* 236 N.W. 2d 688, 694 (Iowa 1975). *Shearer* was overruled on other grounds in *Miller v. Boone County Hospital,* 394 N.W.2d 776, 781 (Iowa 1986), however, the statutory interpretation of section 614.8 in *Shearer* is still persuasive. This court has not applied section 614.8 to toll any statute of limitations outside of chapter 614.

A review of the statutes of limitation located outside of chapter 614 demonstrates that the legislature will make specific provisions for tolling when it intends to do so. For example, Iowa Code section 123.93 (1987), the statute of limitations for the dram shop law, provides:

> Such six-months period shall be extended if the injured party is incapacitated at the expiration thereof ... until such time as such incapacity is removed....

We held a person under legal disability is incapacitated. Within the meaning of the statute, minority is a legal disability that extends the statutory notice period. *Ehlinger v. Mardorf,* 285 N.W.2d 27, 29–30 (Iowa 1979).

In contrast to section 123.93, section 25A.13 makes no provision for tolling the statute of limitations. Without a specific statutory provision which allows for the tolling of section 25A.13, we are unable to toll the provisions of section 25A.13 through Theresa's minority.

III. We next address the constitutional challenges. Theresa claims that she is denied equal protection of the law because section 25A.13 gives minors injured by the state a two-year statute of limitations, while minors injured by a private party benefit from the tolling provisions of section 614.8.

■ We begin with a presumption of constitutionality. *Saadiq v. State*, 387 N.W.2d 315, 320 (Iowa 1986).

The burden is upon the challenger to demonstrate beyond a reasonable doubt the existence of a constitutional violation. To sustain this burden the challenger must negative every reasonable basis which would support the statute. It is not for us to consider the wisdom or folly of any legislative act. We lack the power to declare a statute void unless it is plainly and without doubt repugnant to the provisions of the constitution upon which the constitutional challenge is based.

*State v. Aumann*, 265 N.W.2d 316, 319 (Iowa 1978). We have also stated that when "the constitutionality of a statute is merely doubtful or fairly debatable, the courts will not interfere. Thus a statute will not be declared unconstitutional unless it clearly, palpably and without doubt, infringes the constitution." *Keasling v. Thompson*, 217 N.W.2d 687, 689 (Iowa 1974). We normally express a "stalwart reluctance to declare a statute unconstitutional." *Farmers Trust & Sav. Bank v. Manning*, 359 N.W.2d 461, 465 (Iowa 1984). We accord a strong presumption of constitutionality to statutes. *Roth v. Reagen*, 422 N.W.2d 464, 467 (Iowa 1988).

■ In a challenge based on the equal protection clauses of the Iowa and the United States Constitution, we usually interpret both federal and state provisions similarly. *See Beeler v. Van Cannon*, 376 N.W.2d 628, 629 (Iowa 1985); *Rudolph v. Iowa Methodist Medical Center*, 293 N.W. 2d 550, 557 (Iowa 1980). Because this appeal does not involve any suspect classifications or fundamental rights, the appropriate standard of review is the rational basis test. *See Conner v. Fettkether*, 294 N.W.

2d 61, 62 (Iowa 1980). In *City of Waterloo v. Selden*, 251 N.W.2d 506, 508 (Iowa 1977), we described the plaintiff's burden:

Plaintiffs have the burden to demonstrate beyond a reasonable doubt the act violates the constitutional provision invoked and to point out with particularity the details of the alleged invalidity. To sustain this burden plaintiffs must negative every reasonable basis which may support the statute. Every reasonable doubt is resolved in favor of constitutionality.

*Id.* (citations omitted). In this analysis, our focus is on whether the basis articulated is "realistically conceivable." *See Miller v. Boone County Hosp.*, 394 N.W.2d 776, 779 (Iowa 1986).

■ Theresa relies on *Miller v. Boone County Hosp.*, 394 N.W.2d 776 (Iowa 1986). In *Miller*, we struck down the sixty-day notice provision in Iowa Code section 613A.5. Section 613A.5 required a person claiming damages against local governments to commence an action within six months after the injury or cause a written notice to be presented to the local government within sixty days after the injury. We held that this section was unconstitutional as it violated equal protection by creating an impermissible class of plaintiffs injured by local governments as compared to plaintiffs injured by private tort feasors. *Id.* at 781. We found that the State's proffered rationalizations were not reasonable and that the sixty-day notice requirement acted as a "trap for the unwary." *Id.* at 780. We also found support from other jurisdictions which struck down similar notice provisions. *Id.* at 781.

*Miller* is distinguishable from this case on several grounds. First, section 25A.13 establishes a two-year statute of limitations, and not a sixty-day notice requirement. The argument that this two-year statute of limitations is a "trap to the unwary" is much weaker than in the case of the sixty-day notice provision. Also, *Miller* dealt with a municipal government and this case deals with a state government. In *Miller*, we rejected the rationale that a municipal government needed a sixty-day

notice provision in order to plan budgets, prevent stale claims, or settle valid claims. These arguments are more rational when viewed in the context of a state government placing a two-year limitation of action on claims against the state. The restrictive notice requirement is considerably different than the requirement that a claim be made within two years after the claim accrues.

Finally, *Miller* was based in part upon case law from other jurisdictions which found similar notice provisions unconstitutional. In this situation, however, there is a strong body of federal law which upholds the constitutionality of a similar provision of the Federal Tort Claims Act. The statute of limitations for the federal tort claims act provides:

§ 2401. Time for commencing action against United States.

(a) Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401 (1982). Federal cases have held that a child's minority does not toll the running of the limitation contained in 28 U.S.C. § 2401(b). *See Leonhard v. United States*, 633 F.2d 599, 624 (2d Cir. 1980), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *Smith v. United States*, 588 F.2d 1209, 1211 (8th Cir.1978); *Pittman v. United States*, 341 F.2d 739, 741 (9th Cir.1965), *cert. denied*, 382 U.S. 941, 86 S.Ct. 394, 15 L.Ed.2d 351. In *Pittman*, 341 F.2d at 741, the Ninth

Circuit specifically rejected the argument that section 2401(b) violated a minor plaintiff's constitutional rights of due process and equal protection. Because our tort claims act is modeled after the federal act, we give considerable weight to federal decisions. *See Builders Transport, Inc. v. State*, 421 N.W.2d 539, 542 (Iowa 1988). In addition to the federal law, other states have upheld statutes of limitations which do not provide for the tolling of limitations for minors. *See Rohrbaugh v. Wagoner*, 274 Ind. 661, 413 N.E.2d 891, 895 (1980); *Wahl v. Brothers*, 60 Mich.App. 66, 73–75, 230 N.W.2d 311, 315 (1975) (upheld two year statute of limitation in dram shop statute even though there was no provision for tolling during minority); *DeSantis v. Yaw*, 290 Pa.Super. 535, 434 A.2d 1273, 1279 (1981). We hold that Theresa has failed to establish that none of the reasons offered by the State in support of the statute have a reasonable basis.

**IV.** Theresa asserts that the two-year statute of limitations in section 25A.13 violates her rights to due process. As with equal protection, the due process clauses of the Iowa and United States Constitutions are usually deemed to be identical in scope, import, and purpose. *See Bierkamp v. Rogers*, 293 N.W.2d 577, 579 (Iowa 1980). State tort claims are unique. In such claims, immunity is still the rule. Law suits may be maintained only to the extent that immunity has been expressly waived by the legislature. The right to sue the government is not a property right subject to due process protection. *See Builders Transport, Inc. v. State*, 421 N.W.2d 539, 542 (Iowa 1988). Statutes of limitation "are by definition arbitrary and will be upheld unless otherwise unreasonable." *Fitz v. Dolyak*, 712 F.2d 330, 333 (8th Cir.1983) (upholding limitation in Iowa Code Section 614.1(9)).

We do not find the two-year limitation in section 25A.13 to be unreasonable. In *Pittman*, 341 F.2d at 741, the Ninth Circuit rejected similar due process and equal protection arguments based on the Federal Tort Claims Act. *Pittman* supports the proposition that a legislature may

enact a limitation period not tolled during minority. We agree with the reasoning in *Pittman* and find section 25A.13 to be reasonable and not in violation of the due process clause in the Iowa or United States Constitutions.

AFFIRMED.