**CITY OF MUSCATINE, Appellee,**

v.

**NORTHBROOK PARTNERSHIP CO., Northbrook Partners Co., and Gregory A. Johnston d/b/a Northbrook Partners Co., Appellants.**

No. 98–1070.

Supreme Court of Iowa.

Nov. 16, 2000.

Iowa Code section 602.9206 (1999).

Harvey G. Allbee, Jr. and R. Craig Oppel of Allbee, Barclay, Allison, Denning & Person, P.C., Muscatine, for appellee.

Gregory A. Johnston, Muscatine, and Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellants.

McGIVERIN, Senior Judge.*

The question here is whether a city has authority under Iowa statutory law to pur-

---

\* Retired Justice serving as senior judge by or-
der pursuant to Iowa Code section 602.9206

sue a personal judgment action against a property owner to recover demolition costs incurred by the city in abating a nuisance on the owner's property.

The district court concluded that a city has such authority under Iowa statutory law and entered judgment for the city. Our court of appeals reversed. Upon further review, we vacate the court of appeals decision and affirm the district court judgment.

## I. Background facts and proceedings.

Defendants Northbrook Partnership Co., and Gregory A. Johnston, d/b/a Northbrook Partners Co., (hereinafter referred to as defendants) were owners of real estate located at 211 Pine Street in Muscatine, Iowa. A residence was located on the property.

Defendants failed to pay real estate taxes on the property for the years 1986, 1987, and 1988. Consequently, the property located at 211 Pine Street was purchased by Muscatine County at a tax sale in June 1990 for unpaid real estate taxes in the amount of $4,413. *See* Iowa Code § 446.7 (1989) (stating procedure for annual tax sale). Although a certificate of purchase at tax sale for the property was issued to Muscatine County, *see* Iowa Code § 446.29, no tax deed was ever issued to the county.

On February 11, 1994, defendants received notice through certified mail from the Muscatine County treasurer that defendants' right of redemption from the tax sale would expire ninety days from the date of service of the notice. *See* Iowa Code § 447.9 (explaining procedure concerning notice of expiration of right of redemption). Defendants made no attempt to redeem the property before the period of redemption expired on May 10, 1994.

On May 24, 1996, the City of Muscatine sent notice to defendants, stating that the

residence at the 211 Pine Street address constituted a nuisance under the language of Muscatine City Code, title 9, chapter 4, section 1(a). The notice ordered defendants to abate the nuisance, through repair or demolition, within ten days of receipt of the notice, or the city would take "additional action" as provided in the city code. Defendants took no action concerning the building.

In early June 1996, the city sent a letter to defendants stating that the city council on June 6, 1996, planned to consider a resolution granting authority to abate the nuisance on defendants' property by causing the dilapidated structure on the property to be demolished. The letter also stated, "[i]f you have an interest in this property, you may wish to attend and comment at this meeting." The letter did not advise defendants that the city would seek reimbursement from defendants for the cost of demolition. Neither Johnston nor anyone else for defendants appeared at the city council meeting. Consequently, pursuant to a city council resolution, the building at the 211 Pine Street address was subsequently demolished at a cost to the city of $20,043.

Thereafter, the city notified defendants of the demolition of the structure and requested reimbursement for costs incurred. Receiving no response from defendants, plaintiff City of Muscatine filed a petition in district court against defendants on January 20, 1998, seeking judgment in the amount of $20,043, plus interest, as reimbursement for the cost of demolition of the residence formerly located at 211 Pine Street. The city contended that Iowa Code section 364.12 (1995) authorized the action. Defendants filed an answer, denying "that timely notice of the nuisance was received."

The matter was tried to the court on stipulated facts and exhibits. At the time of trial, although a tax certificate had been issued to Muscatine County after the tax

sale in 1990, no tax deed was ever issued and legal title to the property was still held in the names of defendants.

The court entered judgment against defendants and in favor of plaintiff city in the amount of $20,043, plus interest, concluding that the notices sent by the city were adequate to apprise defendants of their rights and obligations to avoid liability for the demolition costs incurred by the city. The court also concluded that the city had authority to abate the nuisance and proceed to collect abatement costs from defendants. Additionally, the court concluded that Iowa Code section 446.20(2) did not apply to this case because the county, not the city, was the holder of the tax certificate.

Defendants appealed. Upon our transfer of the case, our court of appeals reversed the judgment of the district court, concluding that neither section 446.20(2) nor section 364.12(4) gave the city authority to pursue a civil action against defendants to recover costs of abatement. We granted the city's application for further review.

Our standard of review is for correction of errors at law. Iowa R .App.P. 4.

## II. Statutory provisions concerning a city's remedy against property owners for nuisance abatement costs.

Section 364.12(3)(*a*) gives a city authority to abate a nuisance, public or private, in any reasonable manner.

The city contends that it had authority under Iowa Code section 364.12(4) to pursue a civil action against defendants to recover costs the city incurred in abating the nuisance on defendants' property. Section 364.12(4) provides in part:

> In addition to any other remedy provided by law, a city may also seek reimbursement for costs incurred in performing any act authorized by this section *by a civil action for damages against a property owner* . . . . For the

purposes of this subsection, a county acquiring property for delinquent taxes shall not be considered a property owner.

(Emphasis added.)

In district court, defendants contended, however, that section 446.20(2) was the city's only remedy for pursuing reimbursement for abatement costs. That section provides in part:

> If the [county] board [of supervisors] or [city] council determines that any property located on a parcel purchased by the county or city pursuant to section 446.19 requires removal, dismantling, or demolition, the board or council shall, at the same time and in the same manner that the notice of expiration of right of redemption is served, *cause to be served on the person in possession of the parcel and also upon the person in whose name the parcel is taxed a separate notice* stating that if the parcel is not redeemed within the time period specified in the notice of expiration of right of redemption, the property described in the notice shall be removed, dismantled, or demolished. *The notice shall further state that the costs of removal, dismantling, or demolition shall be assessed against the person in whose name the parcel is taxed* and a lien for the costs shall be placed against any other parcel taxed in that person's name within the county.

Iowa Code § 446.20(2) (emphasis added). Defendants argued that the city's action against them to recover abatement costs was barred because the city failed to give them the proper notice required by section 446.20(2).

## III. Application of law to facts.

In this case, we must decide under what authority, if any, a city may pursue a civil action and obtain a personal judgment against a property owner for costs incurred by the city in abating a nuisance on the owner's property.

## A. Legal ownership of the property.

■ Defendants' first contention is that the county, as purchaser of the property at tax sale and holder of the tax certificate, and not defendants, was the legal owner of the property at the time the city took action to abate the nuisance. Defendants therefore argue that they cannot be held liable for costs associated with abatement of the nuisance.

■ This contention has no merit. This is because the law is well settled in Iowa "that the purchaser at a tax sale, including the county when the sale is under the scavenger statute, obtains no title or right of possession to the property before the deed issues." *Currington v. Black Hawk County*, 184 N.W.2d 675, 676 (Iowa 1971). Thus, until a deed was issued by the county treasurer to the county, the county acquired no legal interest in the property. *Id.* Consequently, defendants, not the county, continued to be the legal owner of the property, with right of possession, even though the county held a certificate of purchase at tax sale concerning the property. The city was therefore correct in pursuing an action against defendants, as legal owners of the property, to recover costs it incurred in abating the nuisance on defendants' property.

We also point out that defendants present no authority suggesting that the county had a duty to obtain the tax deed. In fact, other authorities support the contrary. *See* Iowa Code § 446.37 (stating that county treasurer's duty to cancel tax sale certificate if no action is taken by holder to obtain a tax deed within three years following tax sale does not apply to certificates of purchase at tax sale held by a county); Iowa Code § 448.1 (unnum. para. 1, added by 1997 Iowa Acts ch. 121, § 24) (county treasurer's duty to issue deed after period of redemption has expired does not apply to certificates held by a county); *see also* 1990 Op. Iowa Att'y Gen. 80 (concluding that a county has no statutory requirement to obtain a tax deed to property upon which it holds a certifi-

cate of purchase acquired from a scavenger tax sale).

Moreover, even if a tax deed had been issued to the county, making the county the legal owner, Iowa Code section 364.12(4) states that "a county acquiring property for delinquent taxes shall not be considered a property owner." Based on this language, the county would not be subject to an action by the city under section 364.12(4) to recover nuisance abatement costs on the subject property.

## B. Authority under Iowa statutory provisions.

Defendants further contend that even if they are considered the legal owners of the property, the city failed to properly give them notice required under section 446.20(2) of the city's intention to seek abatement costs from defendants.

The district court concluded that section 446.20(2) did not apply because the county, not the city, was the holder of the certificate of purchase at tax sale. The court also impliedly concluded that defendants were liable under section 364.12(4) for costs incurred by the city in abating the nuisance on defendants' property.

■ 1. Upon our examination of section 446.20(2), we conclude that whether the city or the county was the holder of the tax certificate is not a relevant fact in this case. While it is true that section 446.20(2) does make reference to nuisance abatement costs on property purchased by a county at a tax sale, and that notice thereof shall be served at the same time and in the same manner as the notice of expiration of period of redemption, the statute also mandates that the notice state "that costs of removal, dismantling, or demolition shall be assessed against the person in whose name the parcel is taxed." According to our reading of this language, section 446.20(2) does not give a city or county authority to pursue a personal judgment action against the property owner for nuisance abatement costs, but rath-

er only allows the city or county to assess such costs in the same manner as a tax.[1]

■ Additionally, section 446.20(2) is not applicable in this case because according to the language of section 446.20(2), the notice requirement thereunder is only triggered when the city or board (depending upon the body that seeks to recover costs of nuisance abatement) determines at the time (1994) that the notice of expiration of right of redemption is served, concerning property purchased at a tax sale, that such property constitutes a nuisance and "requires removal, dismantling, or demolition." Iowa Code § 446.20(2). In this case, the city declared defendants' property to be a nuisance in 1996, two years after the 1994 notice was sent by the county to defendants concerning their right of redemption. Thus, assuming for purposes of argument that section 446.20(2) does give a city the right of personal judgment against a property owner for nuisance abatement costs, the city had no duty in this case to give such notice in 1994 because the city had not yet determined that defendants' property constituted a nuisance at the time the notice of expiration of redemption period was served on defendants by the county.

Moreover, to adopt the interpretation of section 446.20(2) advanced by defendants, that a city or county could only seek nuisance abatement costs from a property owner—either through assessment or personal judgment action—if notice of the city or county's intention to seek such costs is served with the notice of expiration of period of redemption, would force cities and counties to purchase property at tax sales for purposes of ensuring a right to recover for possible, later nuisance abatement costs. Additionally, under defendants' interpretation, a city would be required to monitor all properties that are subject to tax sale for purposes of attaching a notice of potential abatement costs to the notice of expiration of right of redemption. Such a burden, we believe, does not seem reasonable, especially in light of the plain language of section 364.12(4), which we will discuss below.

We therefore agree with the district court's conclusion that section 446.20(2) does not apply to this case, but for reasons different than those relied upon by the district court.

2. We now consider the applicability of section 364.12(4) to this case.

■ We have noted in other cases that section 364.12(4) gives a city authority to abate a nuisance and seek reimbursement from the property owner for costs incurred therein. *See City of Ottumwa v. Hill,* 567 N.W.2d 424, 426 (Iowa 1997) (noting that section 364.12(4) "give[s] broad powers to a city to collect the costs of a nuisance abatement"); *see also French v. Iowa Dist. Ct.,* 546 N.W.2d 911, 915 n. 3 (Iowa 1996) (noting that city may abate nuisance and recover abatement costs from offending property owner by bringing a civil action

---

1. We note that section 446.20(1) refers to a *county's* remedy of personal judgment against a property owner for nonpayment of property taxes. *See Hiskey v. Maloney,* 580 N.W.2d 797, 798–99 (Iowa 1998) (concluding that Iowa Code sections 445.2 and 446.20, which allow a county treasurer to seek a personal judgment for payment of delinquent real estate taxes, do not apply to *delinquent taxes* included in tax sale prior to date statutes were enacted). Nothing in section 446.20(1), however, indicates a similar remedy, *i.e.,* personal judgment action, is available to a city or county to recover nuisance abatement costs.

Additionally, to the extent that the Muscatine City Code would give the city authority to seek abatement costs from defendants, defendants argue that any such provisions would be controlled, or preempted by, section 446.20(2). Based upon our reading of the ordinance as provided in the record, however, we conclude that the Muscatine City Code does not authorize a civil action against a property owner to recover nuisance abatement costs. At most, the Muscatine City Code gives the city council authority to levy a special tax against the property and says nothing about allowing the city to pursue a civil action against a property owner to recover nuisance abatement costs. *See* Muscatine, Ia. Code tit. 9, ch. 4, § 4(C).

for damages under section 364.12(4); holding that district court acted illegally in entering judgment against property owner in contempt action brought by city when property owner failed to abate nuisance).

We conclude that a plain reading of section 364.12(4) allows a city to seek a personal judgment against a property owner to recover nuisance abatement costs. We therefore need not look beyond the language of section 364.12(4) to conclude that the city properly pursued its remedy against defendants in this case. *See Drahaus v. State*, 584 N.W.2d 270, 274 (Iowa 1998) (when text of statute is plain and its meaning clear, court will apply the language of the statute as written and will not search for meaning beyond express terms of statute or resort to rules of statutory construction).

We also point out that section 364.12(4) contains no requirement that the city give property owners notice of its intention to seek abatement demolition costs concerning a nuisance. Therefore, the city had no duty under section 364.12(4) to give defendants notice of its intention to later pursue a claim against defendants for demolition costs. The city did, however, give defendants a ten-day notice under the city ordinance to abate and remove the nuisance. Defendants took no action in response to the notice. Thereafter, the city lawfully exercised its authority under the city ordinance and under Iowa Code section 364.12 to abate the nuisance, demolish the building, and seek to recover the demolition costs from defendants.[2] Defendants raise no other legal obstacles to the city's exercise of authority under section 364.12(4) in pursuing its civil action against defendants to recover costs it incurred in abating the nuisance on defendants' property.

We therefore affirm the judgment of the district court holding defendants liable for the costs of demolition.

## IV. Disposition.

We agree with the district court's conclusion that Iowa Code section 446.20(2) does not apply in this case concerning the city's action against defendants for reimbursement of costs it incurred in abating a nuisance on defendants' property. We further agree with the district court's implied conclusion that section 364.12(4) gave the city authority to pursue a civil action against defendants for abatement costs. We have considered other contentions made by defendants and find no merit in them. We vacate the decision of the court of appeals and affirm the district court judgment.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

McGIVERIN, Senior Judge, participates in place of TERNUS, J., who takes no part.

---

2. In their brief on appeal, defendants contend that their rights to procedural due process under the federal and Iowa Constitutions, *see* U.S. Const. amend. XIV, Iowa Const. art. I, § 9, were violated because the city allegedly failed to give them adequate notice of the city's intention to pursue a civil action against them for reimbursement of nuisance abatement costs. We need not address this contention because our review of the record shows that although defendants referred to lack of notice in their answer to the city's petition, defendants did not cite either an Iowa or federal constitutional provision to the trial court in making this contention or otherwise explain how lack of notice violated defendants' rights under either the Iowa or federal constitution. Accordingly, the trial court made no ruling on this contention. We therefore conclude that defendants failed to preserve error concerning their appellate claim that their constitutional due process rights were violated.