ELIZABETH D. WITMER, Appellee, v. MRS. L. B. GIBBS et al., Appellants; EDNA C. BOODY, Administratrix, Appellee.

No. 46424.

Oliver H. Miller, of Des Moines, for appellants.

Carl S. Missildine and H. Pierce Witmer, both of Des Moines, for appellees.

OLIVER, J.—Plaintiff holds a $1,300 note, secured by mortgage on Lot 10, in Noble's Addition, a residential property, located on Seneca Street, Des Moines, Iowa. Defendants in foreclosure are Raymond M. Hedinger, who holds the record title to said property, his wife, Susan N. Hedinger, Edna C. Boody, administratrix of the estate of Dr. G. A. Boody, deceased, and the widow and heirs at law of Dr. Boody.

The issues raised by the answer of said administratrix were formal only. Her real controversy is with the defendant Hedinger and his wife, against whom she filed cross-petition asserting that she, as the legal representative of said estate, was the owner of the mortgaged property, and praying for possession, the quieting of her title, and an accounting for rents and profits against the Hedingers. Upon trial the court decreed the foreclosure of the mortgage, granted the prayer of the cross-petition and, upon accounting, rendered judgment for cross-petitioner against the defendant Raymond M. Hedinger for $283.04. The Hedingers have appealed. For convenience, Raymond M. Hedinger will be referred to herein as appellant.

For all practical purposes plaintiff and cross-petitioner joined against appellant in the trial court and upon appeal. The mortgage was made and recorded in 1931. In 1934, one J. H. Olson secured a tax deed to the property. September 17, 1936, appellant secured a tax deed to the property. Appellant contends these tax deeds extinguished the mortgage. He claims

ownership of the property under his tax deed. Each tax deed appears regular upon its face.

■ Generally speaking, a tax deed creates a new and independent title in the grantee and extinguishes all existing inferior liens. Lucas v. Purdy, 142 Iowa 359, 120 N. W. 1063, 24 L. R. A., N. S., 1294, 19 Ann. Cas. 974.

■ But appellees assert that each of said tax deeds was taken in the name of another for the owner of said property, and hence constituted in law a payment of taxes or a redemption from tax sale only, which would not extinguish the lien of the mortgage or the rights of the actual owner of the real estate. Koch v. Kiron State Bank, 230 Iowa 206, 297 N. W. 450. Appellant does not seriously dispute the legal principle relied upon by appellees but contends it is not applicable to the facts of this case.

The note and mortgage were made in 1931, by Mrs. L. B. Gibbs, the owner of the property. She died shortly thereafter. Her father, Dr. G. A. Boody, inherited a one-half interest in the mortgaged property.

I. There is no factual dispute concerning the Olson tax deed and related matters. The property was sold for taxes in 1928, and the tax-sale certificate assigned to Olson. Later, Olson and Dr. Boody entered into an agreement relative to the sale of said tax-sale certificate to Dr. Boody on the installment plan. In accordance with said agreement, Olson continued to hold the tax-sale certificate, secured a tax deed September 26, 1934, and gave Dr. Boody a quitclaim deed to said property. This deed was not recorded and was lost. In lieu of said lost deed, Olson, in 1938, gave cross-petitioner, as administratrix of the estate of Dr. Boody, a quitclaim deed to said property.

Apparently said conveyance to the administratrix of the entire title to said property was with the consent of the widow of Dr. Boody, who had previously inherited a one-half interest therein from her daughter, Mrs. L. B. Gibbs, and who was entitled to an interest therein as the widow of Dr. Boody, and was with the consent of the other heirs at law of Dr. Boody. All of said persons were parties to the suit and no objection was made by any of them to the full title and ownership of said property in the administratrix or the procedure followed by her.

Under the record it is clear that the Olson tax deed was taken in Olson's name, on behalf of the owners of the real estate. Therefore, it was in effect a redemption from said tax sale, which did not extinguish the lien of plaintiff's mortgage.

II. May 18, 1935, appellant Hedinger bought the property at scavenger tax sale for the general taxes of 1930, 1931, 1932, and 1933, paying therefor the sum of $202.06. February 26, 1936, Dr. Boody and appellant made a written "Agreement to Purchase" said tax-sale certificate, wherein Dr. Boody agreed to pay appellant $290.76 in installments, plus interest, as follows: $25.76 at the time of executing the contract; $20, April 20, 1936; and $20 on the 20th day of each month thereafter, with the entire balance to be paid December 5, 1936. The contract provides:

"* * * failure to make a payment at time and times specified, causes this agreement to automatically cancel and terminate, after twenty days without notice and purchaser forfeits to seller, as liquidated damages, any and all amounts paid thereunder.

"Purchaser is to keep the buildings on these premises insured at his own cost, during the contract period in a sufficient amount to fully protect seller and seller is to hold policy during contract period, which has an indorsement, showing seller's interest in said property.

"Purchaser is to designate in writing, the party to whom said certificate is to be assigned without recourse.

"Time is the essence of this agreement and the above provisions thereof contains the whole and complete contract between the parties thereto."

Dr. Boody paid appellant $25.76 upon the execution of the contract, and the $20 payment due April 20, 1936. Dr. Boody died August 1, 1936. In the meantime, and prior to June 18, 1936, appellant had caused notice of expiration of time of redemption from the tax sale to be served upon Olson, in whose name the property was taxed, and certain tenants in possession thereof. The statute then in effect did not require notice to a mortgagee. No notice of tax deed or of cancellation of the contract was given Dr. Boody, his representatives, or members of his family. Appellant secured the tax deed September 17, 1936.

Since then he has collected the rentals and handled said property as his own.

Appellant is a practicing attorney at law. He has also engaged in making tax-sale purchases. Shortly prior to the death of Dr. Boody, appellant acted as his attorney and agent in connection with a tax-sale certificate involving Lot 37 of Van Vliet Meadows, a property on Royer Street, Des Moines, Iowa. Apparently Dr. Boody owned that property and appellant secured tax title thereto for the benefit of Dr. Boody.

The contract here involved required Dr. Boody to pay about $90 more than the face of the certificate. It required Dr. Boody to carry insurance upon the buildings, with a loss-payable clause to appellant, who was to hold the policy. It provided that the tax-sale certificate should be assigned to some person other than Dr. Boody. It was not "a customary sale of tax certificate," as asserted by appellant. It was a contract with a party who was under obligation to pay the taxes. Its provisions negative any intention of eventual surrender of the tax-sale certificate for cancellation. The circumstances and the provisions of the contract lead to the conclusion that it contemplated the transfer of the property by tax deed to an unnamed person and a conveyance of the property by such person to Dr. Boody. Its purpose was to extinguish the title of Dr. Boody and secure for him a new title by conveyance from the person in whose name the tax deed was taken. Although the purpose of the contract could be frustrated by a redemption from the tax sale, there was no reasonable probability of this because the tax-deed notice would be served upon Olson and the tenants only.

Section 12389, Code of Iowa, 1939 (chapter 527), states that a contract which provides for the sale of real estate shall not be forfeited except as provided in the chapter. Subsequent sections require service of notice of forfeiture.

Section 12394 provides:

"Scope of chapter. This chapter shall be operative in all cases where the intention of the parties, as gathered from the contract and surrounding circumstances, is to sell or to agree to sell an interest in real estate, any contract or agreement of the parties to the contrary notwithstanding."

The purchaser of lands at a tax sale acquires no right or interest in the land until he receives a deed therefor. A tax-sale certificate is a mere chattel. Rice v. Bates, 68 Iowa 393, 27 N. W. 286; Fleck v. Duro, 227 Iowa 356, 288 N. W. 426.

But, in this case, the provisions of the contract between the attorney and his client, interpreted in the light of the surrounding circumstances, as required by Code section 12394, lead to the conclusion that it was not merely a contract to sell the certificate but purposed such dealings with the real estate itself as to bring it within the operation of chapter 527 of the Code. Therefore, it was not subject to cancellation without the notice required by said chapter.

The securing of the tax deed by appellant did not necessarily terminate the contract. The name in which the tax deed was taken would be of little moment, if such grantee would convey the property to Dr. Boody, as contemplated by the contract. Dr. Boody died before the tax deed issued and his right to such conveyance passed to his successors. Hence, appellant may be deemed to have secured title for said successors. As heretofore noted, in our discussion of the Olson tax deed, the tax deed to appellant would not extinguish the lien of plaintiff's mortgage.

III. Plaintiff's original petition in foreclosure was filed about seventeen months after appellant secured his tax deed. The cross-petition was filed later. Appellant asserts both actions were barred by laches. It affirmatively appears, from the recorded mortgage, that its foreclosure was not barred by the statute of limitations. The record contains no factual showing sufficient to warrant a finding that the foreclosure was barred by laches.

Dr. Boody died August 1, 1936. Cross-petitioner was appointed administratrix October 14, 1936. Apparently, she had little knowledge of his affairs, and first learned of his dealings with appellant from an examination of appellant had some time later under court order. The record amply supports the finding of the distinguished trial court that cross-petitioner was not guilty of laches.

The trial court found and decreed that the contract had not

been forfeited and that cross-petitioner should be permitted to complete the payments thereon with a complete accounting of disbursements and collections upon the property. In the accounting appellant was charged with rents collected by him and was credited with the balance due upon the contract, plus interest, expenses incurred for taxes, repairs, operations, and a management charge of $175. Judgment for cross-petitioner was rendered against Raymond M. Hedinger for the excess remaining in his hands, and a conveyance of the real estate to cross-petitioner was ordered. We are satisfied the decree upon the cross-petition is correct.

The conclusion that appellants have no interest in the mortgaged property renders unnecessary the consideration of certain other defenses to the foreclosure of the mortgage asserted by them.—Affirmed.

SMITH, C. J., and HALE, BLISS, GARFIELD, WENNERSTRUM, MANTZ, and MULRONEY, JJ., concur.

MILLER, J., takes no part.