**In the Matter of Richard R. SCHARFF and Ok Hee Scharff, Debtors.**

**Bankruptcy No. 92–1506–D H.**

United States Bankruptcy Court, S.D. Iowa.

Aug. 3, 1992.

Arthur R. Winstein, Winstein, Kavensky & Wallace, Rock Island, Ill., for debtors.

John P. Harris, Bozeman, Neighbour, Patton & Noe, Moline, Ill., for Deere & Co.

Richard Barber, Galesburg, Ill., trustee.

## ORDER ON MOTION FOR SANCTIONS

RUSSELL J. HILL, Bankruptcy Judge.

On July 17, 1992 Debtors' Motion for Sanctions came on for hearing in Davenport, Iowa. The Scharffs were represented by Arthur R. Winstein; and Deere & Company was represented by John P. Harris. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Upon review of the pleadings, documents, and arguments submitted, the Court now enters its findings and conclusions pursuant to Fed. R.Bankr.P. 7052.

### FINDINGS OF FACT

1. Richard R. Scharff (hereinafter, Scharff) was employed at John Deere Harvester Works of Deere & Company (hereinafter, Deere) and qualified for benefits under the "Disability Benefit Plan for Hourly and Incentive Paid Employees" (hereinafter, the Plan) administered by Deere.

2. The Plan provides that "Weekly Indemnity Benefits otherwise payable for any period of disability shall be reduced by the weekly equivalent of any disability insurance benefits or old age insurance benefits (primary insurance amount only) to which the employee is entitled for the same period under the Federal Social Security Act...." (Deere's exhibit B, Plan at 267). The Plan further provides "[t]he monthly Long–Term Disability Benefit shall be reduced by an amount equal to the monthly equivalent of the total of the following benefits: ... (d) Disability or old age insurance benefits to which the person is entitled (primary insurance amount) under the

Federal Social Security Act...." (Deere's exhibit B, Plan at 278).

3. After application for, but prior to, receiving an award from the Social Security Administration, Scharff applied for and received weekly indemnity and long-term disability benefits from Deere under the Plan. Upon applying for benefits under the Plan, Scharff executed a "disability reimbursement" form on December 13, 1990 agreeing to reimburse the amount of weekly indemnity and long-term disability overpayment from the Plan upon receipt of his social security disability award.

4. On September 17, 1991 Scharff was awarded monthly disability benefits from the Social Security Administration effective retroactively to November 1990.

5. Deere notified Scharff of the overpayment of long-term disability payments to him in the amount of $7,111.17 on November 26, 1991 and demanded repayment (Deere's exhibit D).

6. When Scharff did not repay the overpayment, Deere began recoupment of the overpayment according to the Plan by withholding Scharff's long-term disability check in the amount of $365 per month as a recoupment commencing with the December 1991 check and all checks since February 1992. Scharff was advised of this recoupment in writing by Deere on February 6, 1992 (Deere's exhibit E).

7. The Scharffs filed their petition for relief under Chapter 7 of the Bankruptcy Code on February 28, 1992.

## DISCUSSION

■ This matter came before the Court on a motion for sanctions by Debtors pursuant to 11 U.S.C. §§ 105 and 362. The creditor, Deere and Company, resists the motion arguing that the automatic stay does not apply to its exercise of a right of recoupment. Addressing only the motion before it and not Deere's right of recoupment, which is not properly before the Court, the Court will grant the Debtors' motion for the following reasons.

■ Section 362(a) provides that a petition filed under Title 11 operates as a stay of:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this Title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(1). Section 362(a) provides for a broad stay of litigation against the debtor. It is limited to actions that could have been commenced before the commencement of the case or which are based upon claims that arose before commencement of the case. It is one of the most basic protections provided by the Bankruptcy Code.

It [the automatic stay] gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

S.Rep. No. 989, 95th Cong., 2d Sess. 54–55 (1978), H.R.Rep. No. 595, 95th Cong. 1st Sess. 340–42 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787 at 5840 & 6296–97. The automatic stay is a self-executing provision of the Code and begins to operate nationwide, without notice, once a debtor files a petition for relief. *In re A.H. Robins Co., Inc.,* 63 B.R. 986, 988 (Bankr.E.D.Va.1986), *aff'd,* 839 F.2d 198 (4th Cir.1988), *cert. dismissed,* 487 U.S. 1260, 109 S.Ct. 201, 101

L.Ed.2d 972 (1988). A "willful" violation for § 362(h) purposes does not require an intent to violate the stay, only that the creditor knew of the stay and intended to do the violating act. *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir. 1989).

Bankruptcy court supervision accords with the purposes of the automatic stay: immediate, albeit temporary, relief to the debtor from creditors, and prevention of dissipation of the debtor's assets before orderly distribution to the creditors can be effected. *In re Memorial Hosp.*, 82 B.R. 478, 484 (W.D.Wis.1988), *appeal dismissed*, 862 F.2d 1299 (7th Cir.1988). Creditor self-help denies the trustee or debtor the opportunity to determine whether to assume or reject a contract and undermines the congressional intent that debtors obtain fresh starts, free from the immediate financial pressures that caused them to go into bankruptcy. *Id.*

In this case Deere has not initiated any proceeding to establish its right of recoupment, nor has it sought relief from the automatic stay to collect on its claim against the Debtor. *See, e.g., Memorial Hosp.*, 82 B.R. at 484 (court stayed order to give creditor opportunity to pursue recoupment rights pursuant to Code); *Long–Term Disability Plan of Hoffman–La-Roche v. Hiler (In re Hiler)*, 99 B.R. 238 (Bankr.D.N.J.1989) (disability plan brought adversary proceeding to determine its recoupment rights). Instead, Deere has determined on its own that it has a valid right of recoupment and that its right to proceed against the Debtor is not subject to the automatic stay. Congress did not intend to leave these determinations to individual creditors. *See Memorial Hosp.*, 82 B.R. at 484. In order to discourage creditor self-help, which may result in violations of the automatic stay, and to put the burden of obtaining relief from the automatic stay on the claimant, and because of the broad protection of debtors intended through the automatic stay and court supervision of cases, this court will find Deere & Co. to have violated the automatic stay of § 362(a).

ORDER

WHEREAS, the Court finds that Deere & Company is in violation of the automatic stay pursuant to 11 U.S.C. § 362 and the above discussion;

IT IS ACCORDINGLY ORDERED that Debtors' motion is granted, but entry of this order shall be stayed for fourteen (14) days to provide Deere an opportunity to file a motion for relief from stay.