In re Kenneth L. MAJORS and Georgia M. Majors, Debtors.

No. 02–1629–WH.

United States Bankruptcy Court, S.D. Iowa.

April 4, 2003.

Charles L. Smith, Council Bluffs, IA, for Debtors.

Deborah L. Peterson, Council Bluffs, IA, trustee.

### *ORDER—MOTION FOR DETER-MINATION OF VIOLATION OF AUTOMATIC STAY*

RUSSELL J. HILL, Bankruptcy Judge.

On April 2, 2003, the court conducted a hearing on Trustee's Motion for Determi-

nation of Violation of Automatic Stay in the above captioned case. The trustee Deborah L. Peterson, appeared on her own behalf; Charles L. Smith, attorney of record, appeared for Debtors, Kenneth L. and Georgia M. Majors; Assistant United States Attorney, Laquita Taylor–Phillips appeared for the United States, on behalf of the Internal Revenue Service; and Donald J. Pavelka, Jr., attorney of record, appeared for creditor Midstates Bank, N.A. At the conclusion of the hearing, the court dictated its ruling into the record and this memorandum decision memorializes that ruling.

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157(b)(1) & 1334 and order of the United States District Court for the Southern District of Iowa. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The court, upon review of the pleadings, evidence, and arguments of counsel, now enters its findings and conclusions pursuant to Fed. R. Bankr.P. 7052.

### Findings of Fact

1. Kenneth L. and Georgia M. Majors (hereinafter Debtors) filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code on March 29, 2002.

2. Debtors scheduled two tracts of real estate as assets of the estate, to-wit:

    a. A tract located at 110 S. 8th Street, Missouri Valley, Iowa, hereinafter referred to as the commercial lot and building, and,

    b. A tract located at 15429 Cornelia LN, Missouri Valley, Pottawattamie County, Iowa, (hereinafter the homestead property).

3. Debtors claimed the homestead property as exempt on Schedule C.

4. The commercial property has a fair market value of approximately $125,000.00 with an encumbrance of approximately $83,400.00, and the homestead property has a fair market value of approximately $125,000.00, with an encumbrance of approximately $39,500.00.

5. Midstates Bank is the creditor holding secured claims on both tracts of real estate.

6. Debtors received their discharge on June 26, 2002.

7. Debtors may only claim a portion of the homestead property as exempt.

8. Trustee has never abandoned the estate's interest in either tract of real estate.

9. On December 6, 2002, the Department of the Treasury—Internal Revenue Service (hereinafter the IRS) filed a proof of claim reflecting an unsecured priority claim and an unsecured general claim in the amount of $57,127.09 and $8,717.69, respectively.

10. On September 13, 2002, Trustee served a Notice of a Motion for Compromise or Settlement of Controversy. The IRS received this notice which specifically provided for the sale of the commercial real estate and a loan to be granted by Midstates Bank to Debtors.

11. The IRS never objected to this proposed compromise and settlement.

12. On October 18, 2002, the court approved Trustee's Notice of a Motion for Compromise or Settlement of Controversy.

13. Pursuant to said order, Trustee employed a real estate agent to sell the commercial property.

14. On January 21, 2003, the IRS filed its notice of lien against Debtors in the Harrison County Recorder's office. (See Exhibit A to the IRS Objection to Trustee's Motion for Determination of Violation of Automatic Stay filed on March 17, 2003).

15. The commercial real estate is located in Harrison County.

16. On February 12, 2003, the IRS filed its notice of lien against Debtors in the Pottawattamie County Recorder's Office.

17. The homestead real estate is located in Pottawattamie County.

18. The IRS has never petitioned this court for relief from the provisions of the automatic stay pursuant to 11 U.S.C. § 362.

19. Trustee and Debtor's attorney have attempted to resolve this matter with the IRS, but as of February 26, 2003, the date of the filing of Trustee's Motion for Determination of Violation of Automatic Stay, there was no response from the IRS.

20. As a result of the filing of the above two notices of liens, Trustee has been unable to sell the commercial real estate. Also, Debtors have been unable to accomplish their duties under the court approved settlement by completing a loan with Midstates Bank, so they can pay money into the estate to comply with the order of October 18, 2002.

### DISCUSSION

This matter comes before the court on Trustee's Motion Trustee's Motion for Determination of Violation of Automatic Stay. Trustee alleges that the IRS violated the automatic stay by filing notices of liens in Harrison and Pottawattamie counties. Trustee argues that the filing of the notices were attempts by the IRS to perfect liens on the commercial and homestead property.

The IRS acknowledges that it filed the notices but disputes that the acts were violations of the automatic stay. It argues that the stay lifted when Debtors received their discharge. IRS further argues that the notices were filed in the names of the

Debtors and were not intended to encumber property of the bankruptcy estate. Accordingly, IRS disputes that it willfully violated the automatic stay.

The automatic stay provisions of the Bankruptcy Code are found in § 362. That section provides in relevant part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

> (4) any act to create, perfect, or enforce any lien against property of the estate;

> (c) Except as provided in subsections (d), (e), and (f) of this section—

> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

> (2) the stay of any other act under subsection (a) of this section continues until the earliest of—

> (A) the time the case is closed;

> (B) the time the case is dismissed; or

> (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

11 U.S.C. § 362(a) & (c).

The Code defines "entity" to include person and governmental unit. 11 U.S.C. § 101(15). "Governmental unit" includes the United States, and any department, agency, or instrumentality of the United States except the United States Trustee while serving as a trustee in a bankruptcy case. 11 U.S.C. § 101(27). Therefore, the

automatic stay provision encompasses action by the United States Attorney, and the IRS.

■ "The automatic stay is a self-executing provision of the Code and begins to operate nationwide, without notice, once a debtor files a petition for relief." *In the Matter of Scharff,* 143 B.R. 541, 542 (Bankr.S.D.Iowa 1992). In this case, Debtors filed their chapter 7 petition on March 29, 2002, and the automatic stay sprang into existence at that time. On June 26, 2002, Debtors received their discharge, and the stay ceased to enjoin in persona collection their nondischarged debts, if any. *See* 11 U.S.C. § 362(c)(2)(C). However, the stay remained in effect in relation to the property of the estate that was under control of Trustee. *See* 11 U.S.C. § 362(c)(1). Accordingly, any action by the IRS to perfect a lien in the estate property constitutes a violation of the automatic stay.

As noted above, the IRS filed notices of liens against Debtors in the Harrison County Recorder's office on January 21, 2003, and in the Pottawattamie County Recorders office on February 12, 2003. At the time of their filings, the IRS had notice of Trustee's Motion for Compromise or Settlement of Controversy, and the court's order of October 18, 2002, granting said motion. The court finds that the IRS knew of Trustee's plans to sell the property located in each of the counties at the time that it filed the lien notices. Said notices created a cloud on the title of the property, preventing the consummation of the sale of the property. Accordingly, the court finds that the IRS attempted to perfect its lien in the commercial property and the homestead property, and in so doing violated the automatic stay.

■ The court notes that violations of the automatic stay are void. *LaBarge v. Vierkant (In re Vierkant),* 240 B.R. 317,

322 & 325 (8th Cir. BAP 1999). Acts taking in violation of the automatic stay have no effect and are a nullity. *Barnett Bank of Southeast Georgia, N.A. (In re Ring),* 178 B.R. 570, 578 (Bankr.S.D.Ga. 1995). Consequently, the notices are not effective against the commercial property and the homestead property. However, in order to assure that the title to the property is cleared, the court will order the IRS to release the above notices.

■ Finally, in her motion, Trustee requested sanctions against IRS pursuant to 11 U.S.C. § 362(h). Money damages are available for willful violations of the automatic stay. Section 362(h) provides:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362. "A willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition." *Knaus v. Concordia Lumber Company (In re Knaus),* 889 F.2d 773, 775 (8th Cir.1989). It is not necessary that the creditor intended to violate the stay, only that the creditor knew of the bankruptcy and intended to do the violating act. *Scharff,* 143 B.R. at 543.

■ The United States has waived sovereign immunity for violations of the automatic stay. 11 U.S.C. § 106. Compensatory damages, costs, and attorney fees under § 362 may be awarded against the United States and its agencies. 11 U.S.C. § 106(a)(3). Any award for costs or fees must be consistent with the provisions and limitations of 28 U.S.C. § 2412(d)(2)(A). *Id.* However, punitive damages cannot be imposed against the United States or its agencies. *Id.* Any recovery against the United States must

be offset against the debt owed. 11 U.S.C. § 106(c).

At the hearing, the court instructed Trustee that she could make further application for damages. If she chooses to do so, the court will address the propriety of an award after an opportunity is afforded to the IRS to respond.

## ORDER

IT IS ACCORDINGLY ORDERED as follows:

1. Trustee's Motion for Determination of Violation of Automatic Stay is GRANTED. The court determines that IRS violated the automatic stay provisions of 11 U.S.C. § 362.

2. IRS shall release both of the identified notices of liens within ten (10) days from the hearing date, April 2, 2003.